Argued June 23, affirmed August 2, 1978

WHITLOW, *Appellant,*
*v.*
KERNER, *Respondent.*
(No. A7610-14491, CA 10399)
581 P2d 976

Donald P. Roach, Portland, argued the cause and filed the brief for appellant.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for repondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

In this post-conviction proceeding, petitioner challenges his convictions following a jury trial of theft in the second degree and assault in the third degree on the grounds that he was denied his Sixth Amendment right to counsel at trial and on appeal and that such denial at trial deprived him of due process because he was unable to present witnesses and evidence in his defense.

Petitioner was tried and convicted in district court and no transcript of the proceedings was made. The facts as we can discern them from petitioner's testimony at the post-conviction hearing as well as from the pleadings, affidavits and exhibits in the post-conviction court record are as follows:

Petitioner was arraigned on March 31, 1975. The following day counsel was appointed, and petitioner entered a plea of not guilty and requested a jury trial. On May 5, 1975, two days before trial, petitioner's appointed counsel withdrew and another attorney, Thomas Steenson, was appointed. Trial was set over until June 26, 1975. On the day of trial, Steenson appeared in court but petitioner did not and a bench warrant was issued for his arrest. Petitioner contacted Steenson some time later and learned of the bench warrant. Steenson advised petitioner to go into court to clear up the warrant, but petitioner did not do so and was eventually arrested. When petitioner was brought into court on August 4, 1975, he was appointed new counsel although Steenson had apparently neither withdrawn nor been removed. Counsel appointed on August 4th withdrew on August 5th and was replaced by another attorney who also withdrew on the same day. No further appointments of counsel were made. In an affidavit filed in the post-conviction court, the deputy district attorney assigned to petitioner's case states that on August 5th, the court advised petitioner to hire his own counsel. However,

petitioner testified that he did not recall ever being told to hire his own attorney.

On September 17, 1975, petitioner appeared for trial without counsel. In an affidavit filed in the post-conviction court, the intern deputy district attorney assigned to petitioner's case states that petitioner informed the court that he did not want court-appointed counsel, that he wanted to hire his own attorney, and that the court informed petitioner that the trial would not be set over again for him to obtain counsel. The affidavit further states that petitioner then elected to proceed with a jury trial. At the post-conviction hearing, petitioner testified on direct examination that on the day of his trial he told the court he wanted court-appointed counsel but was told to go ahead with trial. However, on cross-examination, petitioner stated that he did not recall whether he told the court he wanted an attorney and that he felt Thomas Steenson was still representing him at the time of trial. However, he could not recall whether he informed the court about Steenson's involvement in the case.

Petitioner proceeded to represent himself at the trial and the jury found him guilty. On September 19, 1975, petitioner appeared for sentencing without counsel and was sentenced to 370 days in jail. Petitioner testified at the post-conviction hearing that the sentencing judge did not inform him of his right to appeal or of his right to court-appointed counsel on appeal. Petitioner further testified that he told the deputy district attorney that he wanted to appeal his convictions and that the deputy privately approached the sentencing judge to secure an appeal bond for petitioner. The appeal bond was set but petitioner did not perfect his appeal.

Petitioner testified that he contacted Steenson shortly after he was sentenced. Steenson's affidavit, introduced in evidence at the post-conviction hearing, states that on October 22, 1975, following petitioner's

trial and sentencing, petitioner contacted him and informed him that he had proceeded to trial without counsel. The affidavit further states that after learning of the trial Steenson examined the district court file to determine whether an appeal was pending, that he discovered that an appeal might be pending and wrote a letter to petitioner, and that petitioner did not reply to the letter. However, there is no evidence in the record of the contents of Steenson's letter or whether he offered to represent petitioner on appeal.

Following the hearing, the post-conviction court denied the petition and made the following findings:

"1. Although petitioner had no attorney at the criminal trial on September 17, 1975, and was not assisted by counsel in his attempted appeal thereafter, his lack of legal counsel constituted no denial of his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution in the factual circumstances shown on the post-conviction trial herein.

"2. Petitioner was not denied due process of law under the Fourteenth Amendment to the United States Constitution by reason of his alleged inability to present witnesses or other evidence in support of his defense at trial in the factual circumstances shown on the post-conviction trial herein * * *."

In a post-conviction proceeding, the burden is on the petitioner to prove the allegations of his petition by a preponderance of the evidence. ORS 138.620(2). The crux of petitioner's post-conviction claim that he was denied counsel at trial is that he was forced to go to trial without the assistance of Thomas Steenson, the court-appointed counsel who had prepared his case and contacted witnesses, and whom petitioner considered to be representing him at the time of trial. However, at the post-conviction hearing petitioner testified that he could not recall whether he had requested counsel at trial or whether he had informed the trial court that he was already represented by Steenson. Under the circumstances, petitioner did not carry his burden of proof that he was denied counsel at trial and there was

sufficient evidence to support the post-conviction court's finding that petitioner was not denied counsel or due process at trial.

■ Petitioner's sole allegation with respect to denial of counsel on appeal is as follows:

"That petitioner filed an appeal bond on September 17, 1975 and that petitioner further assumed that his court-appointed attorney [Steenson] would take necessary measures to perfect such appeal. However, the appeal was not perfected by his counsel and petitioner's appeal bond was returned to him."

The record indicates that petitioner secured his own appeal bond and that he contacted Steenson following his conviction and sentencing.[1] While Steenson's status as court-appointed counsel at this point is unclear, largely because of petitioner's own conduct and lack of recall, it is apparent that both Steenson and petitioner felt Steenson was still counsel.[2] Steenson's affidavit states that he examined the district court file, discovered that an appeal might be pending and wrote to petitioner, but that petitioner did not respond to his letter. This is sufficient evidence from which the post-conviction court could find that petitioner was not denied counsel on appeal, and the court did not err in denying the petition.

Affirmed.

---

[1] It appears that petitioner in fact did not contact Steenson until after the period of time for filing his notice of appeal had expired. Judgment was entered in the district court on September 19, 1975. Steenson's affidavit states that petitioner contacted him "on or about October 22, 1975," thirty-three days later. ORS 138.071(1) provides that the notice of appeal must be filed not later than thirty days following the judgment.

[2] Nothing in this opinion is intended as a criticism of Steenson's performance as counsel.